**Electronically Filed
Supreme Court
SCWC-18-0000630
29-APR-2020
09:00 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---oOo---

_____

DL,
Petitioner/Plaintiff-Appellant,

vs.

CL,
Respondent/Defendant-Appellee.
_____

SCWC-18-0000630

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000630; FC-D. NO. 16-1-1014)

APRIL 29, 2020

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY McKENNA, J.

## I.    Introduction

This case arises from the Family Court of the First Circuit's ("family court") determination of child custody, child support, and property division in a divorce proceeding between DL ("Father") and CL ("Mother").

This is Father's third appeal in this divorce proceeding. We decided Father's first appeal in a published opinion, DL v. CL, -- P.3d ---, 2020 WL 1902319 (April 16, 2020) ("DL I").[1] Father's application for certiorari ("Application") presents two questions:

> (1)     Did the ICA gravely err in finding [Father's] motions untimely, and not reviewing the motions on their merits?
> (2)     Did the ICA gravely err by not reviewing the family court's denial of [Father's] motion for new trial?

(Capitalization altered.)

We hold that the ICA erred in holding that Father's Hawai'i Family Court Rules ("HFCR") Rule 52(b) (2015) motion to amend findings of fact and conclusions of law, enter additional findings of fact and conclusions of law, and to amend judgment accordingly ("motion to amend" or "HFCR Rule 52(b) motion to amend") and motion for new trial pursuant to HFCR Rule 59 (2015) ("motion for new trial" or "HFCR Rule 59 motion for new trial") were untimely.

We also hold that the ICA erred in holding that the family court's orders denying Father's motion to amend and motion for new trial were void for lack of jurisdiction.

We therefore reverse the ICA's judgment on appeal except to the extent it affirmed the family court's order denying Father's

---

[1]     We are concurrently dismissing Father's second application for certiorari in SCWC-18-0000536 on the grounds it was improvidently granted.

HFCR Rule 60(a) (2015) motion for relief from judgment, and we affirm the family court's orders denying Father's motion to amend and motion for new trial on the grounds relied upon by the family court.

## II.  Background

### A.  Factual background

Father and Mother were married in 2008 and had two children, who were minors at the time of trial.  In 2015, Father, Mother, and the children moved from Sacramento, California to Honolulu.  While in Hawai'i, Father, Mother, and the children lived in a cottage located on Father's parents' property.

On July 10, 2016, Mother took both children with her to Arizona due to family abuse by Father.  On July 20, 2016, Mother filed for divorce in Arizona.  On August 3, 2016, Father filed for divorce in Hawai'i.  On September 2, 2016, Mother's petition for divorce was dismissed.  The family court ordered the children to be returned to Hawai'i by May 16, 2017, and Mother returned with the children.

### B.  Family court proceedings

Trial commenced on July 31, 2017 and ended on January 9, 2018.[2]  Near the end of the trial, Mother testified that she had

---

[2]    The Honorable Gale L.F. Ching presided.

3

accepted a job in Arizona, and that her start date was January 2, 2018. She testified that she "cannot make it [in Hawai'i]" and had "no money." Mother remained in Hawai'i until the end of trial.

In January 2018, shortly after the trial ended, Mother moved to Arizona to start her job. Because the family court had not yet ruled on child custody and relocation, the parties' two minor children remained in Hawai'i with Father.

On March 26, 2018, Father filed his notice of appeal in DL I.

On April 3, 2018, the family court ordered both parties to submit proposed findings of fact and conclusions of law. On April 20, 2018, Mother submitted four separate sets of proposed findings of fact, conclusions of law, and orders, and Father submitted 484 proposed findings of fact and 48 conclusions of law, not including subparts.

On April 23, 2018, the family court entered four separate orders of findings of fact and conclusions of law ("April 23, 2018 FOFs/COLs"), adopting Mother's proposals.

On April 26, 2018, the family court entered a divorce decree ("Divorce Decree") awarding Mother sole physical custody of the children and authorizing the children to relocate to Arizona after July 1, 2018.

Later on April 26, 2018, the family court filed its first amended findings of fact and conclusions of law ("Amended FOF/COL"), which replaced the first of the four April 23, 2018 FOFs/COLs. There were no substantial changes to the April 23, 2018 findings. The family court found that Father had committed family violence, and that it was in the best interest of the children to relocate with Mother to Arizona.

On May 7, 2018, Father submitted to the family court: (1) a HFCR Rule 52(b) motion to amend; (2) a HFCR Rule 59 motion for new trial; and (3) a HFCR Rule 60(a) motion for relief from judgment.[3] Father's motions were stamped as "REC'D" on May 7, 2018. However, the motions were not stamped as "filed" until May 22, 2018.

Father's HFCR Rule 52(b)[4] motion to amend argued that many of the family court's findings were "contrary to the actual

---

[3] The family court denied Father's motion for relief, and the ICA affirmed the family court's denial. DL v. CL III, CAAP-18-0000630, at 7 (App. Dec. 26, 2019) (mem.) ("DL III"). Father does not raise the denial of his motion for relief as an issue on certiorari. Therefore, we do not further discuss Father's motion for relief.

[4] HFCR Rule 52(b) provides:

> Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59 of these rules. When findings of fact are made by the court, the question of sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the family court an objection to such findings or has made a motion to amend them or a motion for judgment.

5

uncontroverted evidence at trial" and that several findings were "unsupported by any credible evidence in the record." Father contended that nearly every finding of fact and conclusion of law in the April 23, 2018 FOFs/COLs and Amended FOF/COL should be stricken or amended. Father then requested that the family court enter additional findings of fact and conclusions of law and amend its judgment, and he attached 491 proposed findings of fact and 40 conclusions of law substantively similar to the proposed findings and conclusions he had submitted to the court on April 20, 2018.

Father stated that his motion for new trial was made pursuant to HFCR Rule 59,[5] Hawai'i Revised Statutes ("HRS") § 571-50 (Supp. 1998),[6] HRS § 635-56 (2016),[7] and Waldecker v.

---

[5]   HFCR Rule 59(a) provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues for good cause shown. On a motion for a new trial, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions, and direct the entry of a new judgment.

[6]   HRS § 571-50 provides, in relevant part:

> Except as otherwise provided by this chapter, any decree or order of the court may be modified at any time.
>
> . . . .
>
> A parent, guardian, custodian, or next friend of any child whose status has been adjudicated by the court, or any adult affected by a decree of the court, at any time may petition the court for a rehearing on the ground that new evidence, which was not known or not available through the exercise of due diligence at the time of the original

(continued . . .)

O'Scanlon, 137 Hawai'i 460, 375 P.3d 239 (2016).  Father

requested that the court order a new trial on physical child

custody, legal child custody, visitation, relocation, child

support, the division of the parties' assets and debts, and

attorney's fees.  Father argued the facts of the case had

changed "in significant and material ways" since trial because

Mother had moved to Arizona and the children had been living

exclusively with him.

On June 21, 2018, Mother filed oppositions to Father's

motion to amend and motion for new trial.  Mother argued that

Father's motion to amend should be denied because Father had the

opportunity to present proposed findings of fact and conclusions

of law after trial, which he actually did.  Mother argued

Father's motion for new trial should be denied because she had

testified about her job offer in Arizona and the family court

(. . .continued)
> hearing and which might affect the decree, has been
> discovered.  Upon a satisfactory showing of this evidence,
> the court shall order a new hearing and make any
> disposition of the case that the facts and the best
> interests of the child warrant.

[7]     HRS § 635-56 provides:

> In any civil case or in any criminal case wherein a verdict
> of guilty has been rendered, the court may set aside the
> verdict when it appears to be so manifestly against the
> weight of the evidence as to indicate bias, prejudice,
> passion, or misunderstanding of the charge of the court on
> the part of the jury; or the court may in any civil or
> criminal case grant a new trial for any legal cause.

"knew there would likely be a separation between Mother and the children" if she returned to Arizona to start her new job.

On July 5, 2018, Father filed his second notice of appeal ("DL II").

On July 11, 2018, a hearing was held on Father's motion to amend and motion for new trial. Near the end of the hearing, Father's counsel brought the timeliness of Father's motions to the attention of the court and the following exchange took place:

> [FATHER'S COUNSEL]: Your Honor, before we close the record, at the beginning I think you identified the motions as having been filed May 22. They were actually filed technically and received on May 7th. The importance is that those are ten-day motions. And so we just . . . want the record to be clear that they were timely.
>
> THE COURT: Okay. Yeah. I mean, it was – I'm just going by the date that the file stamp appears when I look at the motion.
>
> [FATHER'S COUNSEL]: I understand. I think on the original copy it has the received stamp of May 7th, which is when they were actually submitted. And technically that was the file date for purposes of compliance with the ten-day rule.
>
> THE COURT: I understand. Okay. Thank you.

On July 16, 2018, the family court issued orders denying Father's motion to amend and motion for new trial. Both orders stated that the family court had reviewed the parties' motions and memorandums, reviewed the files, heard the arguments of the parties, and was "fully informed of the facts and circumstances involved . . . ."

On August 15, 2018, Father appealed the family court's July 16, 2018 orders.

## C.   ICA proceedings

### 1.   Father's arguments

Father argued the family court erred in denying his motion to amend because the family court lacked authority to enter the Amended FOF/COL pursuant to HFCR Rule 52, which he contended "expressly forbids the entry of any such findings if the previously entered order already contains them."

Father argued the family court erred in denying his motion for new trial because he had "raised significant and material new facts" regarding relocation, and it was an abuse of discretion for the court to "not consider all evidence relevant to the Children's best interest."

### 2.   Mother's arguments

Mother argued the family court properly denied Father's motion to amend because the Amended FOF/COL was supported by the "voluminous testimony and evidence."

Mother asserted the family court properly denied Father's motion for new trial because Mother had testified that she would likely have to leave the children with Father in Hawai'i to accept a job offer in Arizona.

### 3. The ICA's memorandum opinion

On December 26, 2019, the ICA filed its memorandum opinion. The ICA held that Father's HFCR Rule 52(b) motion to amend was untimely. DL III, mem. op. at 5-6. HFCR Rule 52 requires motions to amend the court's findings to be made "not later than 10 days after entry of judgment . . . ." Because the family court entered the Divorce Decree on April 26, 2018, Father's motion to amend was due on May 7, 2018.[8] DL III, mem. op. at 6. However, the ICA noted that Father's motion to amend was not stamped as "filed" until May 22, 2018. Id. The ICA also determined that Father's July 5, 2018 notice of appeal for DL II divested the family court of jurisdiction to enter its July 16, 2018 order denying Father's motion to amend. Id. (citing Lowther v. Lowther, 99 Hawai'i 569, 578, 57 P.3d 494, 503 (App. 2002)). Therefore, the ICA held the order denying Father's motion to amend was void. Id.

The ICA similarly held that Father's motion for new trial, stamped as "filed" on May 22, 2018, was untimely because HFCR Rule 59(b) requires motions for new trial to be filed within ten days after entry of judgment, which would have been May 7, 2018.

---

[8] Ten days after April 26, 2018 was Sunday, May 6, 2018. Pursuant to HFCR Rule 6(a) (2015), in computing a period of time under the HFCR, "[t]he last day of the period so computed shall be included unless it is a Saturday, a Sunday or a holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a holiday." Therefore, Father's filing deadline was Monday, May 7, 2018.

DL III, mem. op. at 6-7.  The ICA held the July 16, 2018 order denying Father's motion for new trial was void because Father's July 5, 2018 notice of appeal for DL II divested the family court of jurisdiction to rule on the motion.  DL III, mem. op. at 7 (citing Lowther, 99 Hawai'i at 578, 57 P.3d at 503).

In discussing how Father's notice of appeal divested the family court of jurisdiction, the ICA noted that, "[h]ad [Father's] HFCR Rule 52(b) motion been timely filed, a notice of appeal filed before timely disposition of the motion would have been null and void and the family court would have retained jurisdiction to decide the motion," citing Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 502, 880 P.3d 169, 177 (1994) (construing the 1985 version of Hawai'i Rules of Appellate Procedure ("HRAP") Rule 4(a)(4)).  DL III, mem. op. at 6 n.8.

Because the ICA determined the family court's orders denying Father's motion to amend and motion for new trial were void and that both motions were untimely, the ICA remanded "with instructions for the family court to enter orders denying both motions on that basis."  Id.

On January 24, 2020, the ICA entered its judgment on appeal.

**D.   Application for certiorari**

Father's Application presents two questions:

11

> (1)   Did the ICA gravely err in finding [Father's] motions untimely, and not reviewing the motions on their merits?
> (2)   Did the ICA gravely err by not reviewing the family court's denial of [Father's] motion for new trial?

(Capitalization altered.)

Father asserts that his HFCR Rule 52(b) motion to amend and HFCR Rule 59(b) motion for new trial were timely because both were "received" by the family court on May 7, 2018, citing In re Doe, 101 Hawai'i 220, 227 n.14, 65 P.3d 167, 174 n.14 (2003) (stating that the clerk's acceptance and date stamping of a motion as "received" constitutes a "filing" for the purposes of HFCR Rule 59).

Father argues that, following his third notice of appeal, the family court was required to enter findings of fact and conclusions of law pursuant to HFCR Rule 52(a). Therefore, Father asserts there is no basis to review the family court's orders for the proper exercise of discretion. Father also contends that there is "no reason to believe that the Family Court actually exercised discretion in deciding the Motions," which constitutes an abuse of discretion. Father argues his motion for new trial was also brought under HRS § 571-50 and the family court's "continuing authority to adjudicate the best interest of the children," and that the ICA should have "reviewed the family court's decision accordingly."

Finally, Father argues the ICA erred in holding the family court was divested of jurisdiction to decide his motion to amend and motion for new trial after he filed his notice of appeal in DL II.

### III. Standards of Review

**A. Family court decisions**

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decision on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Brutsch v. Brutsch, 139 Hawai'i 373, 381, 390 P.3d 1260, 1268 (2017) (quoting Kakinami v. Kakinami, 127 Hawai'i 126, 136, 276 P.3d 695, 705 (2012)).

> It is well established that a family court abuses its discretion where "(1) the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant; (2) the family court failed to exercise its equitable discretion; or (3) the family court's decision clearly exceeds the bounds of reason."

Id. (quoting Kakinami, 127 Hawai'i at 155-56, 276 P.3d at 724-25) (emphasis omitted).

**B. New Trial**

"We review a court's ruling upon a motion for new trial for an abuse of discretion." Doe v. Doe, 98 Hawai'i 144, 150, 44 P.3d 1085, 1091 (2002) (citing Shanghai Inv. Co., Inc. v. Alteka Co., 92 Hawai'i 482, 491, 993 P.2d 516, 525 (2000). The family court may grant a motion for a new trial "to all or any of the

13

parties and on all or part of the issues for good cause shown[.]"  HFCR Rule 59(a).

### IV.  Discussion

**A.  The ICA erred in holding that Father's HFCR Rule 52(b) motion to amend and HFCR Rule 59 motion for new trial were untimely**

Father argues his HFCR Rule 52(b) motion to amend and HFCR Rule 59 motion for new trial were timely because they were submitted and stamped as "received" by the family court clerk on the May 7, 2018 deadline, even though they were not stamped as "filed" until May 22, 2018.

In Doe, 98 Hawai'i at 150-51, 44 P.3d at 1091-92, this court held that the family court clerk's acceptance and date stamping of a HFCR Rule 59 motion as "received" was "a filing that satisfied the jurisdictional requirements of HFCR Rule 59(a) and (e)."  Pursuant to HFCR Rules 52(b) and 59(b), Father was required to file his motion to amend and motion for new trial within ten days after the family court entered the April 26, 2018 Divorce Decree – May 7, 2018.  Father's motion to amend and motion for new trial were both stamped as "received" by the family court clerk on May 7, 2018.  Therefore, Father's motion to amend and motion for new trial were timely, and the ICA erred in holding they were untimely.

14

**B.    The family court had jurisdiction to enter the July 16, 2018 orders**

The ICA held the family court's orders denying Father's motions were void because the filing of Father's notice of appeal in <u>DL II</u> divested the court of jurisdiction.  <u>DL III</u>, mem. op. at 6-7.

The general rule is that courts are divested of jurisdiction upon the filing of a notice of appeal.  <u>Kakinami</u>, 127 Hawai'i at 143, 276 P.3d at 712.  However, in <u>Buscher v. Boning</u>, 114 Hawai'i 202, 221, 159 P.3d 814, 833 (2007), this court held that the 1999 version of HRAP Rule 4(a)(3)[9] "supersedes the line of cases standing for the proposition that the circuit court lacks jurisdiction to award costs after a notice of appeal is filed" and "provides that the court has 90 days to dispose of a postjudgment motion [to reconsider, vacate,

_____

[9]    HRAP Rule 4(a)(3) (1999) provided:

> If, not later than 10 days after entry of judgment, any party files a motion that seeks to reconsider, vacate, or alter the judgment, or seeks attorney's fee' or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.
>     All timely post-judgment motions shall be disposed of by order entered upon the record at the same time.  The notice of appeal shall be deemed to appeal disposition of all post-judgment motions that are filed within 10 days after entry of judgment.
>     The 90-day period shall be computed as provided in Rule 26.

15

or alter the judgment, or seeks attorney's fees or] costs, regardless of when the notice of appeal was filed." Although HRAP Rule 4(a)(3) has since been amended,[10] the language providing that a court has 90 days to dispose of a timely post-judgment motion has not changed substantively. The family court denied Father's motion to amend and motion for new trial on July 16, 2018 – within 90 days after the motions were filed on May 7, 2018. Therefore, the ICA erred in holding that the family court's orders denying Father's motion to amend and motion for new trial were void for lack of jurisdiction.

---

[10]   HRAP Rule 4(a)(3) (2016), the rule in effect when Father filed his motion to amend, motion for new trial, and notice of appeal, provided:

> If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion. The presiding court or agency in which the motion was filed shall dispose of any such post-judgment motion by entering an order upon record within 90 days after the date the motion was filed. If the court or agency fails to enter an order on the record, then, within 5 days after the 90th day, the clerk of the relevant court or agency shall notify the parties that, by operation of this Rule, the post-judgment motion is denied and that any orders entered thereafter shall be a nullity. The time of appeal shall run from the date of entry of the court or agency's order disposing of the post-judgment motion, if the order is entered within the 90 days, or from the filing date of the clerk's notice to the parties that the post-judgment motion is denied pursuant to the operation of the Rule.
>
> The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.
>
> The 90-day period shall be computed as provided in Rule 26 of these Rules.

(Emphasis added.) Compare supra note 9.

Additionally, the ICA stated that, "[h]ad [Father's] HFCR Rule 52(b) motion been timely filed, <u>a notice of appeal filed before timely disposition of the motion would have been null and void</u>," citing <u>Richardson</u>, 76 Hawai'i at 502, 880 P.2d at 177. <u>DL III</u>, mem. op. at 6 n.8 (emphasis added). However, <u>Richardson</u> construed the 1985 version of HRAP Rule 4(a)(4), which specifically stated that "[a] notice of appeal filed before the disposition of any of the above motions shall have no effect." <u>Richardson</u>, 76 Hawai'i at 500-02, 880 P.2d at 175-77. HRAP Rule 4 was amended to remove this language prior to the filing of the notice of appeal in this case. <u>See</u> HRAP Rule 4(a) (2016). Therefore, <u>Richardson</u> no longer controls due to the amendments to HRAP Rule 4(a).

C. **The family court did not abuse its discretion in denying Father's motion to amend and motion for new trial**

Father argues the family court "may" have abused its discretion by denying his motion to amend and motion for new trial because it incorrectly believed they were untimely. The record does not support this speculative contention. At the July 11, 2018 hearing on Father's motions, Father's counsel specifically brought the motions' timeliness to the attention of the family court. Father's counsel stated, "I think on the original copy [of the motions] it has the received stamp of May 7th, which is when they were actually submitted. And

17

technically that was the file date for purposes of compliance with the ten-day rule." The family court responded, "I understand. Okay. Thank you." Furthermore, the court's orders ruled on the merits of Father's motions and did not state that the motions were untimely.

Father also argues that there is "no basis to believe that the Family Court actually evaluated [Father's] motion[s] and supporting evidence, and actually exercised discretion in denying it." However, the family court's orders stated that the court had reviewed the motions and memorandums, and a hearing was held on both motions. Therefore, the orders indicated that the family court evaluated the written submissions, referenced the hearing on both motions at which extensive arguments were presented, and denied Father's motions based upon its review of the merits of the motions.

Father contends that the family court was required to enter findings of fact and conclusions of law after he filed his third notice of appeal pursuant to HFCR Rule 52(a). HFCR Rule 52(a) provides that, upon notice of appeal, "the court shall enter its findings of fact and conclusions of law <u>where none have been entered</u> . . . ." In this case, the family court entered

complete findings of fact and conclusions of law on April 23, 2018.[11] Therefore, Father's argument is without merit.

**1. The family court did not abuse its discretion in denying Father's motion to amend**

Father's HFCR Rule 52 motion to amend argued the family court's findings were "unsupported by any credible evidence in the record." Father challenged nearly every finding and conclusion in the April 23, 2018 FOFs/COLs and the Amended FOF/COL, and he attached proposed findings of fact and conclusions of law substantively similar to those he had submitted to the court on April 20, 2018.

The family court did not adopt Father's April 20, 2018 proposed findings of fact and conclusions of law. However, the family court considered and held a hearing on Father's motion to amend, which asked the court to enter findings and conclusions substantively similar to those Father had previously proposed. To the extent Father argues the evidence supporting the family court's findings and conclusions was not credible, appellate courts "will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence . . . ." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006). Therefore,

---

[11] On April 26, 2018, the family court filed its first amended findings of fact and conclusions of law, which did not amend the April 23, 2018 findings of fact and conclusions of law, but merely added a child support guidelines worksheet and property division chart as attachments.

the family court did not abuse its discretion by denying Father's motion to amend.

### 2. The family court did not abuse its discretion in denying Father's motion for new trial

Father argues that his motion for new trial was brought pursuant to HFCR Rule 59, HRS § 571-50, and "the Family Court's ongoing powers confirmed in [Waldecker, 137 Hawai'i at 470, 375 P.3d at 249],"[12] and that the ICA "should have reviewed the family court's decision accordingly."

Father's motion for new trial argued that the facts had materially changed since the conclusion of trial due to Mother's move to Arizona, and therefore a new trial should be held to determine the best interest of the children. Father also argued that the family court's findings, including findings of family violence, were unsupported by the evidence.

The family court did not abuse its discretion by denying Father's motion for new trial under HFCR Rule 59 (providing a motion for a new trial may be granted "on all or part of the issues for good cause shown[.]"). Mother testified at trial that she would likely move to Arizona to start her job in January 2018. The family court knew Mother had actually moved

---

[12] While Waldecker provides that "any custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change," it does not discuss motions for new trial. 137 Hawai'i at 470, 375 P.3d at 249 (quoting HRS § 571-46 (Supp. 2013)).

to Arizona and that Father was taking care of the children prior to entering the Divorce Decree.[13] The family court also considered Father's motion for new trial and held a hearing on the motion.

The family court also did not abuse its discretion in denying Father's motion for new trial pursuant to HRS § 571-50. HRS § 571-50 provides:

> A parent . . . of any child whose status has been adjudicated by the court . . . at any time may petition the court for a rehearing on the ground that <u>new evidence</u>, which was not known or not available through the exercise of due diligence at the time of the original hearing <u>and which might affect the decree,</u> has been discovered. Upon a satisfactory showing of this evidence, the court shall order a new hearing and make any disposition of the case that the facts and the best interests of the child warrant.

(Emphasis added.)

Father argues that Mother's move to Arizona and his months taking care of the children constitute "new evidence." However, as previously discussed, Mother testified at trial that she would probably need to move to Arizona to start her new job. Father also testified that he would be able to care for the children if Mother moved to Arizona. The family court was aware that Mother had moved and that the children were in Father's care when it entered the Divorce Decree, meaning Father's "new evidence" did not actually "affect the decree." See HRS

---

[13] At a March 14, 2018 hearing on Mother's motion for pre-decree relief, Mother's counsel explained to the family court that Mother was currently living in Arizona and that she had been visiting the children in Hawai'i on alternating weekends. The family court issued the Divorce Decree a month later on April 26, 2018.

§ 571-50.  Therefore, Father did not make a satisfactory showing of new evidence requiring the family court to order a new hearing under HRS § 571-50.

### V.    Conclusion

We therefore reverse the ICA's judgment on appeal except to the extent it affirmed the family court's order denying Father's HFCR Rule 60(a) motion for relief from judgment, and we affirm the family court's orders denying Father's motion to amend and motion for new trial.

| | |
|---|---|
| Philip Leas<br>for Petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| CL<br>Respondent pro se | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

